# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **WAL MABOR TIENJENG** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00972** |
| | ) | |
| **INTERNAL REVENUE SERVICE** | ) | |

**TO:** **Honorable Waverly D. Crenshsaw, Jr., United States District Judge**

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered November 19, 2025 (Docket Entry No. 10), the Court referred this *pro se* civil case to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court. For the reasons set out below, the undersigned respectfully recommends that this action be **DISMISSED WITHOUT PREJUDICE** due to a lack of service of process upon Defendant Internal Revenue Service.

Wal Mabor Tietjang ("Plaintiff") is a resident of Nashville, Tennessee. Acting *pro se*, he filed this lawsuit against the United States Internal Revenue Service ("Defendant") on August 27, 2025. *See* Complaint (Docket Entry No. 1). Although no legal claim is actually asserted in the complaint, it appears that Plaintiff disputes Defendant's attempt to collect money from Plaintiff that Defendant contends is owed for back taxes. *Id*.

On August 27, 2025, the Clerk issued a summons to Plaintiff for service on Defendant. *See* Docket Entry No. 3. The docket reflects that the summons was returned unexecuted on November 13, 2025. *See* Docket Entry No. 8. Since that time, the Court has twice advised Plaintiff of his responsibility to ensure that Defendant is served with a summons and a copy of the complaint

in accordance with Rule 4 of the Federal Rules of Civil Procedure and that his failure to timely serve Defendant with process may result in the dismissal of this case. *See* Orders entered November 19, 2025 (Docket Entry No. 10), and November 21, 2025 (Docket Entry No. 11).

Rule 4(c)(1) of the Federal Rules of Civil Procedure states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than ninety (90) days have passed since a summons was issued for Defendant but there is no indication that Defendant has been served with process in accordance with Rule 4. Because the time frame permitted under Rule 4(m) for obtaining service of process upon Defendant has lapsed, the plain language of Rule 4(m) requires that the case be dismissed without prejudice.

Although Plaintiff is proceeding *pro se,* he must still comply with the basic procedural rules that are applicable to all litigants, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("*pro se* parties must follow the same rules of procedure that govern other litigants"), and, as the party bringing this lawsuit, he specifically "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F.App'x 285, 287 (6th Cir. 2001). He has not met this burden, and dismissal of the action is warranted under Rule 4(m). *See Walker v. Donahoe*, 528 F.App'x 439, 440-41 (6th Cir. 2013) (affirming the district court's decision to dismiss case because the plaintiff failed to timely perfect service).

2

**R E C O M M E N D A T I O N**[1]

For the reasons set out above, it is respectfully **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Rule 4(m) of the Federal Rules of Civil Procedure.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action under Rule 4(m) because of the lack of timely service, and the fourteen (14) day period for filing objections provides him with the opportunity to show good cause for why dismissal is not warranted.

3